433 So.2d 432 (1983)
CITY OF NEW ORLEANS, et al
v.
Robert A. VANLANGENDONCK and Maxie Lea Castilow.
No. CA-0611.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1983.
Gwendolyn F. Thompson, LeBlanc & Thompson, New Orleans, for defendant/appellant.
John J. Fenerty, III, New Orleans, for defendant/appellee.
Before KLEES, LOBRANO and AUGUSTINE, JJ.
*433 LOBRANO, Judge.
On October 31, 1979, the City of New Orleans filed a petition for mandatory injunction to force Maxie Castilow, defendant-appellee, to repair the deteriorated Burgundy Street side of the slave quarter building on her property at 924-25 Ursulines Street and to force Robert Vanlangendonck, defendant-appellant, to do the same since Castilow's building encroached on Vanlangendonck's property at 930-32 Ursulines Street. The property at issue is located in the French Quarter of the City of New Orleans.
After discussion and negotiation, all parties entered into a consent judgment dated June 10, 1980, which judgment was signed by the attorneys for each party to the suit. The consent judgment required that Maxie Castilow use only a bonded contractor to repair the deteriorating wall at issue within 90 days from the date of judgment and that Vanlangendonck allow her access onto his property to do so. See Appendix "A" attached.
After almost two years from the deadline to repair her property as per the consent judgment, appellee attempted access onto appellant's property to complete the repairs. The contractor was not bonded. Instead, she presented to appellant a certificate of insurance without the attached policy. Appellant refused her access to repair the wall. On September 17, 1982, appellee filed a contempt rule against appellant and requested:
1) appellant be held in contempt for refusing to give her access and,
2) for damages for said refusal;
Appellant, in proper person, filed the following exceptions to the contempt rule:
1) no cause of action
2) non-joinder of indispensable party (City of New Orleans)
3) prescription
On August 25, 1982, after a full hearing, the trial court dismissed with prejudice, appellee's rule for contempt and damages against appellant and also dismissed appellant's exception as being without merit. Appellant does not appeal from that portion of the judgment. However, as part of the judgment, the trial court modified the original consent judgment to release Maxie Castilow from the requirement that she secure a bonded contractor to complete the repairs. Instead, the court substituted the requirement that she obtain a homeowners insurance policy. It is from this portion of the judgment that appellant suspensively appeals.
A judgment obtained by the consent of all the parties to a suit gets its binding force and effect from the consent which the parties give, rather than from adjudication by a competent court. Himel v. Connely, 195 La. 769, 197 So. 424 (La.1940); Ritchey v. Azar, 383 So.2d 360 (La.1980). As such a consent judgment is in effect a bilateral contract between the parties and must be based on consent, an essential element of every contract. Parkerson v. R-5, Inc., 305 So.2d 592 (La.App. 4th Cir.1974); writ refused 309 So.2d 679 (La.1975); La.C.C. Art. 1819. Therefore, a consent judgment, as opposed to other final judgments which are rendered against a party without their consent, can only be rescinded or annulled as a result of an error of fact, or of the principal cause of the agreement. The requirement that appellee use a bonded contractor was a principal cause in appellants entering into the consent judgment. La.C.C. Art. 1824, et seq.; State Department of Transportation and Development v. K.G. Farms, Inc., 402 So.2d 304 (La.App. First Cir.1981), writ refused 406 So.2d 625 (La.1981).
If a party to a consent judgment wishes to attack it for error, fraud or mistake of the principal cause, La.Code of Civil Procedure Art. 856 states specifically what must be plead:
"In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be alleged generally." La.C.C.P. Art. 856.

Appellee's motion for contempt does not allege error, fraud or mistake as to the *434 provisions relating to the bonded contractor nor did she seek to have the consent judgment modified or terminated. The judgment of the trial court was clearly improper.
For the foregoing reasons the judgment of the trial court releasing appellee from the bonded contractor requirement agreed to by the parties in the June 10, 1980 judgment is hereby reversed.
REVERSED.