454 So.2d 890 (1984)
Sally Bart, Wife of Stanley CHAISSON
v.
Stanley CHAISSON.
No. C 2402.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1984.
*891 Richard L. Weil, New Orleans, for relator.
J. Stuart Douglass, Metairie, for respondent.
Before BYRNES and CIACCIO, JJ., and L. JULIAN SAMUEL, J. Ad Hoc
CIACCIO, Judge.
We granted certiorari to consider the issue of whether an attorney may testify concerning his intent while acting on behalf of his client in the confection and consummation of a compromise consent judgment.
In 1980 the parties to this action were divorced. The divorce judgment condemned Stanley Chaisson to pay to Sally Bart Chaisson five hundred ($500.00) dollars per month for the support of the three minor children. Mr. Chaisson was also to maintain the existing medical insurance and life insurance for the three children. Ms. Chaisson was awarded custody of the *892 children subject to reasonable visitation by Mr. Chaisson.
In 1982 a consent judgment was rendered which amended the 1980 judgment. This consent judgment condemned Mr. Chaisson to pay to his ex-wife the school tuition for the three children to attend the Academy of the Sacred Heart, plus all uniforms, shoes and other clothing necessary for attendance, and for all books, school fees, registration, lunches and other items assessed the children and/or parents by the school. The 1982 consent judgment also recited "that all other terms and conditions of Judgment dated October 2nd, 1980, to remain the same and in full force and effect."
In 1984 Ms. Sally Bart filed a pleading entitled "Motion for Contempt, Motion to Make Past Due Child Support Executory, Motion to Increase Child Support." Ms. Bart alleged that since February, 1982, when the consent judgment was signed, Mr. Chaisson had not paid her the $500.00 per month child support ordered by the 1980 judgment. Ms. Bart also alleged that certain amounts of tuition and related school charges had not been paid by Mr. Chaisson. In defense Mr. Chaisson argued that the intent of the parties upon entering into the 1982 consent judgment was to have the payment of tuition and attendant school charges replace the $500.00 per month payments ordered in the 1980 judgment. He contended, therefore, that he was not obligated to pay $500.00 per month in addition to the tuition, etcetera, and that any amount calculated on that basis should not be considered to be owed by him.
At the trial on the motion both parties testified concerning their understanding of the 1982 consent judgment. Mr. Joseph T. Casey also testified. Mr. Casey represented Ms. Sally Bart Chaisson, as her attorney, throughout the proceedings until January, 1984, when the motion for contempt, etcetera, was filed.
Mr. Casey was questioned concerning the intent of the parties upon entering the 1982 consent judgment. Mr. Casey was questioned also about his intent when drafting the judgment and signing it on behalf of Ms. Sally Bart Chaisson. Trial counsel for Ms. Bart objected to the questioning on the ground that the judgments in the record contained all necessary information and "the record certainly speaks for itself."
The trial judge ruled:
THE COURT:
As far as the intent of the parties are [sic] concerned, you may inquire as to the parties, not the intent of Mr. Casey, what they already told him, if they told him anything, so I sustain it. Proceed.
When Mr. Chaisson's attorney again asked Mr. Casey about the intent of the parties the trial judge interjected that he did not want to hear that from Mr. Casey but from the parties. Counsel then asked Mr. Casey about his intent, and the trial judge sustained the objection. Counsel then dictated into the record a proffer of what Mr. Casey would have testified if allowed.
A judgment obtained by the consent of all the parties to a suit gets its binding force and effect from the consent which the parties give, rather than from adjudication by a competent court. City of New Orleans v. Vanlangendonck, 433 So.2d 432 (La.App. 4th Cir.1983); Himel v. Connely, 195 La. 769, 197 So. 424 (1940); Ritchey v. Azar, 383 So.2d 360 (La.1980). A consent judgment is in effect a bilateral contract between the parties and must be based on consent, an essential element of every contract. La.C.C. Arts. 1819, 3071; City of New Orleans v. Vanlangendonck, supra; Bagby v. Dillon, 434 So.2d 654 (La.App. 3d Cir.1983), writ denied, 440 So.2d 150 (La.1983); State, Department of Transportation and Development v. K.G. Farms, Inc., 402 So.2d 304 (La.App. 1st.Cir.1981), writ denied, 406 So.2d 625 (La.1981); Parkerson v. R-5, Inc., 305 So.2d 592 (La.App. 4th Cir.1974), writ denied, 309 So.2d 679 (La.1975).
Every contract or modification of a previously concluded agreement requires the concurrence of the consent of the parties. La.C.C.Arts. 1766, 1779 (2), 1798. *893 Consent results from a free and deliberate exercise of the will of each party where the intent has been mutually communicated or implied, La.C.C.Art. 1819, and accepted by the party to whom a proposal is made. La. C.C.Arts. 1798, 1800. Illinois Central Gulf Railroad Company v. International Harvester Company, 368 So.2d 1009 (La. 1979).
Parol evidence is admissible when there are allegations of fraud, error, or mistake, to show that the instrument is not the expression of the actual intention of the parties. Daigle & Associates, Inc. v. Coleman, 396 So.2d 1270 (La.1981). The unambiguous provisions of a final judgment awarding alimony pendente lite (or child support) may be altered by parol or other evidence in a subsequent proceeding to enforce that judgment. Bagby v. Dillon, supra.
The trial judge concluded that parol evidence was admissible to determine the true intent of the parties. He permitted each party to testify as to his/her intent. That conclusion was correct.
The trial judge allowed Mr. Casey to testify concerning the circumstances surrounding the confection and consummation of the 1982 consent judgment. The trial judge did not allow Mr. Casey to testify concerning his intent or his knowledge of facts evidencing the intent of the parties. We find that this was error.
In 1982 Mr. Casey represented Ms. Sally Bart Chaisson. Mr. Casey had been representing her since the inception of these proceedings in 1980. The alteration of the child support payments made by the 1982 consent judgment was negotiated between Mr. Chaisson and Mr. Casey. Ms. Chaisson testified that she gave Mr. Casey general authority to carry on these negotiations and to agree on her behalf to whatever he thought was best. Her testimony was:
Q. Whatever he agreed on your behalf was alright with you?
A. That's right. I was not there.
Q. Wasn't it your understanding you were not going to be paid $500.00 a month, but Stanley was to pay the tuition?
A. I really don't know. My agreement was with Mr. Casey to agree with whatever he thought was best.
The record indicates that Mr. Casey drafted the 1982 consent judgment in connection with a joint motion filed by him on behalf of both parties. The motion and the judgment were signed by the trial judge, Mr. Chaisson and Mr. Casey. From all indications Ms. Sally Bart Chaisson did not personally participate in the negotiations, confection or consummation of the alterations to child support made by the 1982 consent judgment. Ms. Bart's only intention was for Mr. Casey to do what he thought best. Under these particular circumstances the intent of the party, Sally Bart Chaisson, must be considered to be the same as the intent of Mr. Casey. It is not possible to determine the true intent of the two "sides" which agreed to the consent judgment without knowing the intentions of Mr. Casey as he negotiated and expressed agreement on behalf of his client for what he thought was best.
Accordingly, the judgment of the trial court rendered on March 28, 1984, is set aside, and this case is remanded to the trial court with instructions that before ruling on "Motion for Contempt, Motion to Make Past Due Child Support Executory, Motion to Increase Child Support", he hear and consider testimony from Mr. Joseph T. Casey concerning his intent expressed on behalf of his client in connection with the 1982 consent judgment.
JUDGMENT VACATED;
REMANDED WITH INSTRUCTIONS.