573 So.2d 252 (1990)
Linda CZECH, Plaintiff-Appellee,
v.
James EARLEY, Defendant-Appellant.
No. 89-748.
Court of Appeal of Louisiana, Third Circuit.
December 28, 1990.
*253 Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Susan E. Kutcher, Lafayette, for defendant-appellant.
G.S. Stephen Bradley, and Joe B. Chandler, Elizabeth A. Dugal, Lafayette, for plaintiff-appellee.
Before GUIDRY, FORET and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether the trial judge erred in finding that evidence presented at trial was insufficient to prove that the parties had entered into an oral agreement to modify the terms of a judgment of court providing for post-divorce alimony, and, whether the trial judge erred at trial in denying admission of parol evidence concerning the state of mind of the parties when entering into the original agreement for payment of post-divorce alimony.
Linda Czech (hereinafter plaintiff) and James Earley (hereinafter defendant) entered into an agreement for payment of pre-divorce and post-divorce alimony. The agreement had first been incorporated into the separation judgment and the provisions for payment of post-divorce alimony were later incorporated verbatim into the divorce judgment.
Defendant began paying less than the agreed amount and plaintiff filed a rule for past due alimony, attorney's fees, and seeking to hold defendant in contempt. At the hearing, defendant sought to prove that he and plaintiff had verbally agreed to modify the terms of the divorce judgment, to conform with what the parties had originally intended, and to reduce the amount of alimony. Plaintiff denied that she had agreed to modify the terms of the divorce judgment.
At the trial on the merits, the trial judge found that the terms of the divorce judgment, providing for payment of alimony, were unambiguous and that, for this reason, parol evidence was inadmissible to determine the state of mind of the parties when they entered into the original agreement for payment of post-divorce alimony. The trial judge ruled that defendant had not met his burden of proof that the parties had orally mutually agreed to modify the divorce judgment and rendered judgment in favor of plaintiff and against defendant for alimony arrearages, attorney's fees, and holding defendant in contempt. The sentence for contempt was suspended on condition that defendant pay the arrearages, attorney's fees, and costs, and comply with the terms of the divorce judgment. A formal written judgment was signed. Defendant timely appeals. We affirm.

FACTS
Plaintiff and defendant were married for twelve years and had no children. Plaintiff filed a petition for separation, based on abandonment and seeking alimony, in the Fifteenth Judicial District Court on December 28, 1983. Defendant filed an answer and contested plaintiff's entitlement to a separation or alimony. On January 13, 1984, the parties entered into a written agreement (hereinafter the agreement) for payment of alimony pendente lite and post-divorce alimony. This written agreement was incorporated verbatim into the consent judgment of separation rendered in favor of plaintiff on February 14, 1984. On September 17, 1984, defendant filed a petition for divorce based on living separate and apart, without reconciliation, for six *254 months after the date of judicial separation. Plaintiff did not file pleadings or appear or contest the suit. The divorce was granted on confirmation of a default judgment in favor of defendant on October 12, 1984. The provisions of the agreement for payment of post-divorce alimony, school tuition, and medical insurance, which had been incorporated into the judgment of separation, were also incorporated verbatim into the judgment of divorce, and read as follows:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the judgment signed February 14, 1984 be and is incorporated into this Judgment as follows:
(1) Plaintiff, JAMES EARLY [sic], shall pay to Defendant, LINDA CZECH, post divorce alimony in a lump sum, totaling SEVENTY-TWO THOUSAND AND NO/100 ($72,000.00) DOLLARS, over a period of six (6) years, at the rate of NINE HUNDRED AND NO/100 ($900.00) DOLLARS per month, payable in two equal installments on the first (1st) and fifteenth (15th) day of each month.
(2) Plaintiff, JAMES EARLY [sic], shall pay, in addition, the sum of SEVEN THOUSAND TWO HUNDRED AND NO/100 ($7,200.00) DOLLARS, and shall be paid periodically as agreed between the parties.
(3) Plaintiff, JAMES EARLY [sic], shall pay an amount equal to the required tuition for a full time student at any public university to which Defendant, LINDA CZECH, is accepted, which sum shall be payable on or before the pre-registration period for the intended semester. This obligations [sic] shall cease after six (6) years or at any time LINDA CZECH remains out of school more than two (2) semesters.
(4) Petitioner, JAMES EARLY [sic], shall carry medical insurance and pay all deductibles required by said medical insurance, as well as any and all medical expenses not covered by insurance for Defendant, LINDA CZECH, during the six (6) year period described herein."
In April, 1986, defendant telephoned plaintiff to verify that she was no longer attending school full time. Defendant testified that, in their telephone conversation, he told plaintiff that since she was no longer abiding by what he believed to be the terms of the agreement, by failing to attend school full time, he "could have stopped it [the alimony] already." Defendant testified that he and plaintiff orally agreed to amend the agreement providing for payment of post-divorce alimony in the judgment of divorce, and that he agreed to begin paying her $450.00 a month until June, 1987 and to pay her credit card bills. Defendant had his attorney prepare documents consisting of a proposed joint written stipulation to amend the divorce judgment and a proposed amended divorce judgment (hereinafter the documents), which stated that defendant would pay $450.00 a month until June, 1987, or its equivalent in advance, plus school tuition until June, 1987. Defendant signed the documents and mailed them to plaintiff for her to sign to indicate her consent and approval. Plaintiff never signed the documents.
Plaintiff testified that she called the attorney who prepared the documents to discuss the documents and asked what would happen if she did not sign them. Plaintiff testified that the attorney told her that if she didn't sign the documents that the agreement would not become effective and the judgment would not be amended. Plaintiff further testified that defendant mailed her another copy of the documents setting forth the new agreement for her to sign and that, again, she did not sign them. Plaintiff's testimony regarding the new agreement is as follows:
"Q. Did that enclose the same proposed stipulation that had been forwarded to you by Jo Chandler in 1986?
A. It was the same thing, yes.
Q. And did you sign this when you got it?
A. No.
Q. Why not?
A. Just wasn't agreeable.

*255 Q. Did you ever agree to change?
A. No, I didn't."
Plaintiff further testified that in April, 1986 defendant had orally agreed to pay her credit card bills in lieu of paying her one-half of his retirement, which he had just cashed due to his changing jobs, which belonged to her.
At trial, the parties stipulated that defendant had the financial ability to continue paying the amount ordered in the divorce judgment but that defendant's reason for failing to pay was that he thought plaintiff and he had reached a new agreement, which set forth what was originally intended, and that, for this reason, he began paying the amount agreed to under the new agreement.
The trial judge rendered judgment ordering defendant to pay the alimony arrearages and attorney's fees. Defendant was found in contempt of court, but the sentence was suspended on condition that defendant pay the arrearages, attorney's fees, and costs and continue paying the alimony provided in the divorce judgment.

LAW
Defendant appeals urging two assignments of error. Defendant contends that it was error for the trial judge to not allow parol evidence concerning the state of mind of the parties when they originally entered into the written agreement for payment of post-divorce alimony and that the trial judge erred in not finding that the evidence established that a new agreement had been reached to modify the terms of the divorce judgment incorporating the agreement providing for payment of post-divorce alimony.
Defendant urges that the trial court erred in failing to admit and consider parol evidence concerning the parties' state of mind when the written agreement for payment of post-divorce alimony was originally entered into.
The trial court found that the terms of the agreement incorporated verbatim in the divorce judgment were clear and unambiguous on their face and provided for payment of post-divorce alimony of $72,000.00 to plaintiff, at the rate of $900.00 per month, and that such payment was not made to depend upon plaintiff's school attendance. The trial court found that the divorce judgment, incorporating the terms of the earlier written agreement for payment of post-divorce alimony, was a judgment including the parties' written agreement or contract, and that the issue of the interpretation of the agreement or contract was subject to being modified or clarified by parol evidence to the same extent and under the same rules under which contracts can be modified or clarified. The trial court noted that parol evidence is only admissible to clarify the intent of the parties where a written contractual provision is ambiguous or when an unambiguous provision of a contract is sought to be modified or contradicted based upon allegations of fraud, error, or mistake. Finding that the terms of the judgment were not ambiguous and that the defendant had filed no pleadings urging the affirmative defense of fraud, error, or mistake as an affirmative defense, the trial court ruled that parol evidence was not admissible to modify or clarify the clear and unambiguous terms of the divorce judgment providing for payment of post-divorce alimony.
Defendant argues that parol evidence is admissible to alter the unambiguous provisions of a final judgment awarding alimony in a subsequent proceeding to enforce that judgment, which incorporates a previous agreement between the parties for payment of alimony, when it is contended that the final judgment incorporating the agreement does not correctly set forth the terms of the agreement. Defendant cites as legal authority for his position the cases of LaBove v. LaBove, 503 So.2d 670 (La.App. 3 Cir.1987); Chaisson v. Chaisson, 454 So.2d 890 (La.App. 4 Cir.1984); and Bagby v. Dillon, 434 So.2d 654 (La.App. 3 Cir.1983), writ den., 440 So.2d 150 (La.1983).
A stipulation entered into by and between parties to a lawsuit and later incorporated into a consent judgment in the lawsuit is a transaction or compromise between the parties for the purpose of preventing or putting an end to a lawsuit in *256 the manner in which they agree upon. La. C.C.Art. 3071. A consent judgment is in effect a bilateral contract by which the parties adjust their differences by mutual consent and must be based on consent, an essential element of every contract. Chaisson v. Chaisson, supra, and authorities cited therein. Parol evidence is admissible to show the true intent and motive of the parties in making an agreement incorporated in a consent judgment, in a subsequent proceeding to enforce that judgment, where a contractual stipulation is ambiguous. Bagby v. Dillon, supra; Chaisson v. Chaisson, supra; Wagner v. Wagner, 535 So.2d 1269 (La.App. 3 Cir.1988), and authorities cited therein.
However, the record in this case shows that the divorce judgment was not a consent judgment. Defendant filed suit for the divorce and only alleged in his petition that alimony for plaintiff had been settled. Plaintiff did not file responsive pleadings or appear in the divorce suit. A preliminary default judgment was entered by defendant and confirmed against plaintiff. The judgment of divorce incorporated the language concerning payment of post-divorce alimony to plaintiff which was quoted earlier in this opinion. The divorce judgment was a considered judgment and not a consent judgment. Defendant voluntarily agreed and acquiesced in the inclusion of the provisions for payment of post-divorce alimony to plaintiff in the judgment of divorce. There was no transaction or compromise between the parties for the purpose of preventing or putting an end to a lawsuit. In fact, plaintiff did not even contest the suit for divorce. For this reason, we find the legal authorities relied upon by defendant, to permit introduction of parol evidence to show the state of mind of the parties when they made the agreement, are not applicable to the facts of this case. To permit defendant to introduce parol evidence to controvert the terms of the agreement in the considered judgment of divorce would be permitting him to collaterally attack the default judgment which he alone obtained.
The trial judge did permit the introduction of parol evidence concerning the intent of the parties in making the original agreement for the payment of post-divorce alimony for the limited purpose of the bearing it might have on whether or not defendant would be held in contempt of court for not paying alimony in compliance with the terms of the divorce judgment. Defendant testified that it was the intention of the parties when making the agreement to pay plaintiff $72,000.00 for six years, at the rate of $900.00 per month, that the payments would be contingent upon plaintiff attending school full time and that such payments were only intended to support plaintiff while she was a full time student.
A proffer of this same evidence was made for this purpose on the record at the conclusion of the hearing outside of the presence of the judge. This proffered testimony of defendant was offered to show the motive or intent of the parties in connection with the agreement for payment of alimony. We note that plaintiff was called and testified on the proffer but was not asked about her motive or intent in connection with the agreement for payment of pre-divorce or post-divorce alimony. Plaintiff was asked mainly about her school attendance. Plaintiff was not even asked if she personally participated in the negotiations, confection, or consummation of the consent judgment of separation which included the provisions of the agreement for payment of pre-divorce and post-divorce alimony.
We find that the trial court was correct in denying defendant the opportunity to present parol evidence concerning the parties' intent as to the terms of the agreement for payment of post-divorce alimony to plaintiff which was later incorporated in the divorce judgment which plaintiff sought to enforce.
Defendant contends that the trial judge also erred in not finding from the evidence presented that the parties had orally agreed to modify the terms of the agreement for payment of post-divorce alimony contained in the divorce judgment. We note the general rule in Louisiana is that a judgment providing for payment of alimony remains in full force and effect in favor of the party to whom it is awarded until the party liable applies to the court and obtains a modification. Thompson v. *257 Thompson, 428 So.2d 858 (La.App. 1 Cir. 1983), and authorities cited therein. However, that rule is not without exception. The party in whose favor alimony has been granted may make arrangements with the party liable for payment in a way other than direct payment or may waive rights under the judgment. Thompson v. Thompson, supra; Seifert v. Seifert, 374 So.2d 157 (La.App. 1 Cir.1979). The key question in all such cases is whether or not there was an agreement between the parties and, if so, the terms of the agreement. Thompson v. Thompson, supra. With these principles in mind, we need only to determine whether or not the evidence in this case showed that there was such an agreement between the parties. After carefully reviewing the evidence in the record, including the proffered evidence, we do not find that the trial judge was manifestly in error in determining that the parties had not entered into such an agreement to modify the terms of the divorce judgment for payment of post-divorce alimony.
For these reasons, the judgment in favor of plaintiff and against defendant is affirmed. All costs of this appeal are taxed to defendant-appellant.
AFFIRMED.