liSCHOTT, Chief Judge.
This is an appeal from a judgment denying appellant’s motion to change one aspect of a consent judgment. The underlying issue is whether a party to a consent judgment who asserts that mutual consent to the judgment was vitiated by an error of fact is entitled to be relieved of one obligation imposed upon him by the judgment without regard to the remaining aspects of the judgment.
These parties were married in December 1982 and were divorced in January 1986. Two children were born of the marriage. After a number of rules were filed over the years by both of them seeking to change child support, custody, and visitation rights they entered into a consent judgment on May 15, 1992. This provided for joint custody; it appointed appellant as primary residential parent, and it set out a detailed schedule of visitation for both parties throughout the year along with related problems, such as picking up and delivery of the children. It also addressed such concerns as the children’s schooling and attendance at summer camp. The judgment concluded with the following paragraphs:
IT IS FURTHER ORDERED that neither parent shall have illegal drugs present in their respective homes or frat any other location where the children are present; nor shall any person of the opposite gender who is not a relative of the parent to be present overnight, nor shall either parent engage in sexual acts with any person not their spouse in the respective homes of either parent while either one or both children are on the premises.
IT IS FURTHER ORDERED that Kenneth Sigur, Sr. shall donate unto Laura Sommers the sum of five hundred and fifty dollars (550.00) per month for the purpose of providing suitable housing for the minor children.
In December 1992 appellant filed a rule to terminate the donation of $550 per month on allegations that appellee’s lodgings were not suitable for the reason that she was taking the children overnight to the apartment of her boyfriend.- This rule was tried in January 1993 when judgment was orally rendered, but the judgment was not signed until May 1993. In that judgment the court dismissed appellant’s rule to terminate the donation, but ordered appellee to refrain from having the children in the presence of her male friends during sleeping hours of the children. Appellant did not take an appeal from this judgment.
On April 19, 1994, appellant filed another rule to terminate the donation and this time added a request that the court declare the legal nature of this donation, i.e., whether controlled by the law of domestic relations, donations or contract. He alleged that it was his intention when he consented to the judgment of May 15 that he would have the right to determine the “suitability” of the housing provided by appellee to the children; that if this was an error on his part there was no meeting of minds in the contract between the parties which took the form of the consent judgment.
The case was submitted to the trial court on stipulations as follows:
1. If Mr. Sigur would be called to testify, he would testify that when he agreed to this donation of $550.00 per month, that it was in effect, agreeing to have ^control, to buy control, of where Ms. Sommers took his children when they were visiting with her.
2. If Ms. Sigur would be called to testify, she would state that she agreed to this *1048 judgment, that it was a consent judgment and that it was her clear understanding that the court would determine the suitability of the housing.
3. If the parties would testify they would say what is on pages 28 and 29 of the January 15, 1993 transcript.
The testimony referred to in the third stipulation was given by appellee at the earlier hearing. She stated that she did not agree that appellant would be the one to decide on the suitability of her housing, but she thought the court would make this decision. She further testified as follows:
Q. Were you told that this suitability had to be an agreement between you two?
A. The two of us? Me and Kenny? Yes.
Q. You were told that?
A. Yes.
Q. Did you ask him for his opinion as to the suitability of moving in with Chris Lombard?
A. Yes.
Q. What did he tell you?
A. He told me he did not approve.
Q. Did you ask for his opinion before moving in with your brother?
A. In my mother’s house?
Q. Yes.
A. Yes.
Q. What did he say?
A. He said no.
In denying appellant’s motion the trial judge stated in part:
14“.... The court will not strike selected provisions of the agreement on the grounds that there was no consideration. The court is of the opinion that the basis of the agreement speaks for itself in that, the parties agreed to the judgment to avoid litigation and possible adverse determinations by the Court_”
A consent judgment is a bilateral contract between the parties and must be based on consent, an essential element of every contract. Chaisson v. Chaisson, 454 So.2d 890, 892 (La.App. 4th Cir.1984). Consent may be vitiated by error. LSA-C.C. art. 1948. Error vitiates consent when it concerns a cause without which the obligation would not have been incurred and that cause was or should have been known by the other party. C.C. art. 1949. The granting of relief for error presents no problem when both parties are in error, that is, when the error is bilateral. Comment (d) to C.C. art. 1949.
In the present case the record supports annulment of the consent judgment. There is no provision in the judgment for child support and appellee is not entitled to alimony. It seems absurd to suppose that the $550 per month was intended to be a gratuitous donation inter vivos. Even if it were its validity is doubtful because a donation inter vivos can comprehend only present property, but not property to come. C.C. art. 1528. Appellant’s agreement to make these future payments had to be in consideration for something and his explanation is the only plausible one offered. Appellee either knew or should have known that his consent to make the payments was conditioned on his having something to say about the nature of the housing.
In addition, the transcript of appel-lee’s testimony demonstrates the existence of a bilateral error between the parties. At one point she stated the court would decide on suitability, but at another point she said the parties had to agree on suitable housing. In the meantime appellant has steadfastly and 15Consistently maintained that he alone was entitled to make this determination.
Nonetheless, appellant is not entitled to the remedy he sought in the trial court. While the so called donation may not be enforced as a matter of law, it was a part of a bundle of rights negotiated between the parties and incorporated in the consent judgment. Appellant cannot pull out from the agreement this one obligation and leave everything else intact. If appellant wishes to be relieved of this obligation, he must be prepared to have the trial court set aside the entire consent judgment and entertain litigation on all aspects of custody, visitation and child support.
*1049 Accordingly, the judgment appealed from is affirmed reserving to appellant the right to seek appropriate relief as discussed herein.

AFFIRMED.