763 So.2d 678 (2000)
Elaine Degruy Drumm, wife of Peter Averill LACOUR
v.
Peter Averill LACOUR.
No. 99-CA-0913.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 2000.
*679 D. Douglas Howard, Jr., Danyelle M. Taylor, New Orleans, Louisiana Attorneys for Plaintiff/Appellee.
Edith H. Morris, Suzanne Ecuyer Bayle, Bernadette R. Lee, Law Office of Edith H. Morris New Orleans, Louisiana Attorneys for Defendant/Appellant.
(Court composed of Judge WILLIAM H. BYRNES, III, Judge MIRIAM G. WALTZER, Judge JAMES F. McKAY, III).
McKAY, Judge.
The appellant, Peter Averill Lacour, appeals the judgment ordering him to pay 100% of the school tuition for the minor children. However, we find no abuse of discretion below, and affirm.
Peter Averill Lacour and Elaine Degruy Drumm were married on December 6, 1980. The marriage produced two children, who are in the care, custody and control of their mother. On August 2, 1990, the parties entered into an agreement for separation and partition of community property, which was reduced to judgment by the trial court. The judgment ordered Mr. Lacour to pay $900.00 in basic child support. In addition to the basic child support payment, the parties agreed that Mr. Drumm would pay $500.00 a year for summer camp, 100 % of the tuition, and various other expenses. These amounts were made part of the judgment but not incorporated into the basic child support amount. The parties divorced on August 20, 1992.
On July 22, 1992, a judgment pursuant to a Rule for Contempt for child support arrearages was entered against Mr. Lacour. The sum of $9,400.00 for child support arrearages, attorney fees in the amount of $1000.00 and court cost in the amount of $51.00, were made executory on July 22, 1992. On April 22, 1993, Ms. Drumm filed a rule for contempt for failure to pay arrearages for child support in the amount of $8.100.00. On August 18, 1994, Ms. Drumm filed a Rule to Change Child Support and a Rule for Contempt for failure to pay child support from May of 1992 through April of 1994, in the amount of $21, 600.00. On November 9, 1994, the trial court at the request of Ms. Drumm, ordered that the child support be reduced to $200.00 per month and that a review of this amount be made quarterly to be determined by the statutory formula. The trial court also found that Mr. Lacour was indebted to Ms. Drumm, in arrearages for child support in the sum of $10,451.00, which was to be paid by a mutually agreed payment arrangement. If Mr. Lacour defaulted on this arrangement, Ms. Drumm could execute the August 3, 1992 judgment. On July 6, 1998, because Mr. Lacour had defaulted, the appellee filed a Rule for Contempt to enforce the August 2, 1990 judgment. The trial court ruled in favor of Ms. Drumm and awarded her $27, 713.00 for unpaid tuition. Furthermore, basic child support arrearages in the amount of $7,517 were made executory.
On September 24, 1998, Mr. Lacour, averring that his child support had been reduced to $200.00 per month and that his tuition obligation had been extinguished by the November 9, 1994 judgment, filed a motion to decrease child support. He further requested that the trial court allocate tuition between the parties based on their pro rata share pursuant to La. R.S. 9:315. Ms. Drumm then filed a motion to dismiss. On September 16, 1998, the trial court issued a judgment finding the appellant to be $21,600.00 in arrears for child support. Additionally, the defendant was ordered to pay attorneys fees in the amount of $500.00. In the trial court's Reasons for Judgment, he found that the amount would be minus a $4,000 credit for summer camp payments. In the trial court's Reasons for Judgment he said:
Based upon the testimony, evidence, and pleadings in this trial, I find that there has never been a rule for contempt filed with respect to the August 2, 1990 judgment concerning tuition, *680 school tuition. A review of the record makes it clear to me that any contempts that were filed were done solely for the monthly child support obligations. Consequently, I find that Mr. Lacour is in arrears on the school tuition amounts. Likewise, it's the Court's belief that there is no private/parochial school that two children could be educated in the New Orleans area that would be less than the reduced tuition that are being paid at this time.
Because there was inadequate information offered from years 1990-94' the plaintiff has failed to meet her burden of proof in those areas; however, for the 94'-95' school year through the present, it's the court's findings that Mr. Lacour is in arrears for the payment of tuition in the amount of $25,600. He is however, entitled to a credit for the summer camp that he paid for the children in the amount of $4000.00... Five hundred was an obligation that was already recognized; so I'm going to give him credit for $4000.00, that he paid for a total outstanding amount in the judgment of $21,600.00 for school tuition.
... I'm going to fine $500.00 dollars attorney's fees for bringing this rule.
I think I do feel, however, that Mr. Peter Averill Lacour was attempting to pay what he could pay during this time period; so, I'm not going to hold him in contempt. I'm just going to make the arrearages executory.
The trial court did not address the appellant's Motion to Apportion Tuition and denied the appellant's Motion for New trial on January 12, 1998.

DISCUSSION
Mr. Lacour perfects this appeal asserting four assignments of error, which are consolidated as follows:

ASSIGNMENT OF ERROR I
Appellant contends that school tuition is an "other extraordinary expense" under R.S. 9:315.6. According to R.S. 9:315.6:
Other extraordinary expenses; addition to basic obligation.
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
1. any expenses for attending a special or private elementary or secondary school to meet the particular educational need of the child;
2. any expenses for transportation of the child from one party to the other.
The appellee argues that on August 2, 1990, Mr. Lacour entered into a consent judgment agreeing to pay the children's full tuition, their camp expenses of $500.00 per year in addition to the child support of $900.00 per month. Under Civil Code article 227 as cited in Dubroc v. Dubroc, 388 So.2d 377, 379, "Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children." She also cites Chaisson v. Chaisson, 454 So.2d 890, 892 (La.App. 4 th Cir.1984), for the proposition that a consent judgment is a bilateral contract between the parties and must be based on consent, an essential element of every contract. Chaisson is directly on point. In that case, as in the case at bar, the parties entered into a subsequent consent judgment, which modified some aspects of the earlier consent judgment.
A judgment obtained by the consent of all of the parties to a suit gets its binding force and effect from the consent, which the parties give, rather than from adjudication by a competent court. City of New Orleans v. Vanlangendonck, 433 So.2d 432 (La.App. 4th Cir.1983); Himel v. Connely, 195 La. 769, 197 So.2d 424 (1940); Ritchey v. Azar, 383 So.2d 360 (La.1980). A consent judgment is in effect a bilateral contract between parties and must be based on consent, an essential element of every contract. Chaisson, at 893.
*681 The general rule in Louisiana is that a child support judgment remains in full force until the party ordered to pay it has the judgment modified, reduced or terminated by the court. Halcomb v. Halcomb, 352 So.2d 1013, 1015-1017 (La.1977); Burnette v. Burnette, 98-0498 (La.App. 4 Cir. 10/21/98) 720 So.2d 757, 761. In the original judgment of November 9, 1990, Mr. Lacour and Ms. Drumm entered into an expressed agreement calling for Mr. Lacour to pay $900.00 per month in child support in addition to tuition and camp fees for both children. Mr. Lacour never sought to reduce, terminate or modify in any way this 1990 judgment until September 24, 1998. In the subsequent judgment of November 9, 1994, Ms. Drumm in an attempt to help Mr. Lacour, with his problems satisfying his child support obligations, agreed to a modification of the basic child support to $200.00 per month which was to be reviewed by the court periodically, at the will Ms. Drumm. Nowhere were the tuition or camp fees ever mentioned in any of the rules for contempt hearings. Only after the amount for arrearages for the tuition had been made executory did Mr. Lacour seek a modification. Because the trial court failed to now address the modification of the tuition and reduce it to a pro rata share, we remand the matter to the trial court for a determination of the pro rata share of the private school tuition, effective from the date of judgment September 16, 1998.
Concerning the November 9, 1994 hearing we apply the rule espoused in Buchert v. Buchert, 93-1819, p. 12 (La. App. 1 Cir. 8/26/94); 642 So.2d 300, 307: "....We have reviewed defendant's pleadings and find that such relief was not requested, nor was the issue litigated at trial. A court may grant the relief warranted by averments contained in the pleadings and the evidence. However, the trial court did not have jurisdiction to decide the controversies which the litigant did not raise." Gibson v. Gibson, 592 So.2d 855, 858 (La.App. 3 Cir.1991). Buchert holds that where certain relief was not requested, nor was the issue litigated at trial, the trial court could not decide the controversy. In the case at bar it was not the judgment which "did not raise the issue" as appellant asserts, but the litigant himself failed to raise the issue for modification of judgment.
Just as Ms. Drumm went into court to enforce the judgment, Mr. Lacour had the opportunity to go back to court for a change in circumstances and ask for a modification of the judgment to include a reduction in the tuition obligation. It is neither our nor the trial court's objective to practice law for the defendant. The appellant knew that the mother had ruled him into court for a reduction in child support, but he failed to address the tuition issue because he assumed the new judgment of November 9, 1994, superceded the original judgment of August 2, 1990. Conversely, the mother assumed that the tuition order was still in effect. As confirmed by both of their testimonies, Ms. Drumm continually requested that Mr. Lacour pay the tuition. Hence, we find no merit to this assignment of error.

ASSIGNMENTS OF ERROR 2 & 3
A subsequent award of child support supercedes and replaces a previous judgment of child support. Additionally, if a judgment is silent as to a part of the demand that part of the demand is construed as rejected.
It is well settled in Louisiana that silence in a judgment as to any part of the demand made in litigation is construed as a rejection of that part of the demand. Hendricks v. Hendricks 90-853 (La. App. 3 Cir.1992), 594 So.2d 1129, 1130. Mr. Lacour using this reasoning contends that the child support was recalculated using the guidelines in November 9, 1994. Furthermore, because silence is construed to be a rejection of that part of the demand, it can be construed that the parties did not intend the school tuition be included as an extraordinary expense. Consequently, *682 Mr. Lacour asserts that he should not pay for tuition after November 4, 1994. We disagree.
The appellee avers that while the consent judgment of November 1994, modified one aspect of the earlier judgment of August 1990, the latter judgment did not change the substance of those portions not addressed by the earlier judgment, and as such those portions should remain in effect. We agree. In State in Interest of R.B.Jr., 538 So.2d 726, 727-728 (La.App. 5 Cir.1989), our brethren at the Fifth Circuit noted that where a later judgment did not modify certain provisions of an earlier judgement, the former judgment was not superceded in its entirety.
Judgments in domestic cases whether considered by the court or consented to by the parties always involve multiple issues. If one party wishes to modify a portion of the judgment, like child support, a rule can be filed to modify that child support or to terminate the child support only. The entire previous judgment does not have to be reconsidered. If it did it would thwart our whole premise of judicial economy. This is the situation that we are confronted with here. Ms. Drumm wished to have the court lower the basic child support obligation of Mr. Lacour, which appears to be a magnanimous gesture on her part. She was well acquainted with the financial situation of her former spouse. It is ludicrous to expect that she was willing to accept the bulk of the child support by accepting a meager $200.00 per month in total with no extraordinary expenses included. It is clear that this was a temporary suspension of the affects of the 1990 judgment. One of the purposes of consent judgments is to avoid litigation; clearly in this matter it has only proliferated litigation.
As mentioned above, both parties agreed to Mr. Lacour paying the tuition and camp fees in addition to his basic child support obligation of $900.00 per month. This was reduced to judgment in August of 1990. This was not merely a calculation done by the trial court but a consent judgment. In his testimony at trial Mr. Lacour affirmed that it was then and is still his desire that his children be provided with a private school education. To date Ms. Drumm has paid for the children to attend Sacred Heart Academy. The record indicates that she did so with loans from a lending institution which included interest. The testimony of both parties clearly indicates that Ms. Drumm on numerous occasions requested help from Mr. Lacour and in particular financial help with the children's tuition. Clearly, his desires have remained consistent as to educational concerns of his two children. He consented then as he does now that the children should remain in private schools. Over these almost 10 years he has never sought to modify the consent judgement which was reduced to judgment in August of 1990, concerning these obligations which were in addition to his basic child support payment of $900.00. Nor has he paid this basic support obligation, which on all too numerous occasions, Ms. Drumm has had to seek rules for contempt. Mr. Lacour has never completely fulfilled his financial obligations toward his children. While we believe that his agreement to pay for the children's tuition needs modification, due to his obvious change in circumstance, we must remand the matter to the trial court for that determination.

ASSIGNMENT OF ERROR 4
Attorney's fees cannot be assessed against a litigant who is not found in contempt of court.
Appellant contends that the trial court did not find Mr. Lacour in contempt of court. Therefore, attorney's fees cannot be assessed against him pursuant to La. R.S. 13:4611. In Welborne v. Welborne, 29,479 (La.App. 2 Cir. 5/7/97) 694 So.2d 578, 582, the court relied on La. R.S. 9:375.
La. R.S. 9:375 states:
When the court renders judgment in an action to make executory past-due payments under a ...child support award,...it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.
*683 Under this provision, the trial court is given great discretion in determining the amount to be awarded to the prevailing party. Fuge v. Uiterwyk, 97-1252, p. 4 (La. App. 4 Cir. 3/25/98), 709 So.2d 357, and the cases cited therein. In the case at bar although the trial court did not hold the appellant in contempt for non-payment of child support, it was clear that the court felt that the defendant had done the best he could, and found that contempt is not the purpose nor reason for awarding the attorney fees. Accordingly, we find no error in the trial court assessing $500.00 in attorney's fees against Mr. Lacour.
For the foregoing reasons, we affirm the awarding of arrearages for past tuition bills, the $500.00 award of attorney fees and the part of the trial court's judgment reflecting a credit for the summer camp monies for $4000.00 to be deducted from the amount awarded for the arrearages on the unpaid tuition. We remand the matter to the trial court to determine the amount of payments for tuition from the date of judgment, September 16, 1998, forward. The amount of the tuition is to be apportioned between the parties according to the child support laws of this state.
AFFIRMED IN PART AND REMANDED IN PART.