| WOODARD, J.,
dissenting.
Respectfully, I must dissent from the majority’s position.
The consent judgment, by its very terms, terminates the award' of benefits when “she [Ms. Lewis] is capable of returning to gainful employment.” Therefore, La.R.S. 23:1310.8 is inapplicable because no modification of the judgment was required before terminating the benefits; rather, Ms. Lewis agreed upon a course of action that would save both time, energy, and money for her and her employer, not to mention for the courts, by including in the consent judgment, a provision for her benefits to automatically terminate when the requisite condition was met.
Certainly, the consent judgment could have been more artfully drafted. However, Ms. Lewis should not complain since it was her extremely able and experienced attorney who drafted it. Nevertheless, the judgment does not indicate who is to make the initial determination of when Ms. Lewis “is capable of returning to gainful employment.” However, this omission is problematic only if the parties do not agree on when such time arrived. Here, Ms. Lewis did not disagree with Cornerstone that the condition in the consent judgment was fulfilled. Thus, her contention that the employer’s conversion of benefits was unilateral is without merit. Accordingly, the majority penalizes Cornerstone, simply, for abiding by a judgment.
IsJf Cornerstone had terminated benefits before Ms. Lewis was able to return to work, then she would have had a cause of action against it for violating the judgment. However, she does not even argue this point but, instead, merely, argues that the portion of the judgment that is unfavorable to her should be ignored. Notwithstanding, a party cannot simply piecemeal a consent judgment, giving part, but not all, effect;[1] namely, requiring the employer to pay the benefits per the consent judgment but not complying with its qualifying condition regarding payment of benefits.
I agree with the employer’s contention that “to ignore the very language contained within the present judgment would be. a violation of the judgment in and or itself.” Moreover, it is tantamount to not giving a valid judgment its effect, which would be against public policy.

. Sigur v. Sigur, 94-1736 (La.App. 4 Cir. 3/16/95); 652 So.2d 1046.