C.J. ARMSTRONG
Respectfully Concurs in Part and Dissents in Part with Reasons.
_jjl agree with the majority insofar as it vacates the judgment with respect to Coleman Cab Company. This defendant filed an exception of insufficiency of service of process, claiming that service was not made on its registered agent for service of process. The sheriffs return in the record shows domiciliary service on Cleveland Turner at Mr. Turner’s residence. The record contains no evidence that this exception was set for hearing, heard or acted upon by the trial court. Issue was not joined as between this defendant and the plaintiffs, and I would, therefore, vacate the judgment and remand to the trial court for hearing and disposition of the exception filed by Coleman Cab Company.
I also agree with the majority in affirming the trial court’s implicit judgment with respect to Mr. Turner and Imperial Fire and Casualty Company. The record does not show that Excell Underwriters’ exception of no cause of action was set for hearing, heard or ruled upon by the trial court. Therefore, issue has not been joined as to that defendant. I would vacate the implicit judgment dismissing the plaintiffs’ claims against that defendant for the same reasons as set forth herein and in the majority opinion with respect to Coleman Cab Company, remanding the case to the trial court for hearing and disposition of the exceptions filed by Excell Underwriters.
|2I am unable to agree with the rendition of judgment against Charles Johnson. Mr. Johnson’s answer admits only that he is a resident of the Parish of Orleans, State of Louisiana. Specifically, he does not admit having been the driver of the cab that was involved in the accident. Furthermore, Paragraph VI of Mr. Turner’s answer to the original petition states: “Further answering defendants [sic] aver that the [sic] Charles Johnson is not his employee and he has no liability for his actions.” The trial court did not allow the introduction of the police report into evidence, and that ruling has not been appealed or brought before this Court by application for supervisory review. Mr. Massacci testified at the trial that he did not know who owned the cab, and had had no conversation with the cab driver. At no time during his testimony did Mr. Massacci identify the driver as Charles Johnson. Although Mr. Battaglia testified that he had asked the cab driver how he was doing after the accident, when asked if he recalled the name of the cab driver, Mr. Battaglia testified, “No. Offhand, I don’t.” Because I find no evidence of record identifying Mr. Johnson as the driver of the offending taxi-cab, I am unable to agree that he should be cast in judgment.
CANNIZZARO, J. Dissents with Reasons.
_JjI respectfully dissent from the majority opinion. In their appellant brief the plaintiffs raised the following assignments of error:
*730 I. The Judgment Rendered by the Honorable Judge Rosemary Ledet does not Dispose of all Claims Listed in Plaintiffs/Appellant’s Original and Supplemental Petition, thus, the Judgment is not Final.
II. In the Alternative, Because the Judgment Rendered by Judge Rosemary Ledet Failed to Litigate the Merits of the Case, Only Causing an Adjudication on the Issue of Quantum, it is an Interlocutory Judgment.
Rule 2-12.4 of the Uniform Rules-Courts of Appeal provides in relevant part that “[t]he court may consider as abandoned any specification or assignment of error which has not been briefed.”
In the instant case the plaintiffs’ discussion of the two assignments of error focuses only on the argument that the trial court judgment is not a final judgment, because it does not specifically address the liability of each defendant. After a trial on the merits, the trial court found that a single defendant, Coleman Cab Company, was liable to the plaintiffs. The judgment is silent as to the other defendants. The failure of the trial court judgment to expressly state that a determination of liability as to each defendant had been made in no way detracts from the finality of the judgment.
|9It is well settled that when a judgment is silent as to part of the relief requested, the judgment is deemed to have denied that relief. See, e.g., Rhone v. Boh Brothers, 2001-0270 (La.App. 4 Cir. 12/12/01), 804 So.2d 764, 768; Bain v. Middleton, 2000-2630 (La.App. 4 Cir. 11/14/01), 802 So.2d 837, 838 n. 1; Lacour v. Lacour, 99-0913 (La.App. 4 Cir. 2/9/00), 763 So.2d 678, 681. Therefore, I must dissent from the majority’s finding that Charles Johnson should be cast in judgment. Under the applicable jurisprudence, the silence of the trial court judgment on the issue of Mr. Johnson’s liability means that the trial court rejected the claim against him. Also, no one has requested that this Court review that finding.
I also dissent from the majority’s holding that vacates the judgment against Coleman Cab Company. The majority cites no authority for their holding on this issue, and I do not think that the fact that a defendant which does not answer a petition can release that defendant from the court’s jurisdiction, especially when the defendant appears at the trial on the merits through an attorney, does not object to any of the proceedings, and does not appeal the judgment that is rendered against it.
Additionally, I think that the majority erred in reviewing this case to determine whether the trial court’s findings of fact were manifestly erroneous or clearly wrong. Neither of the assignments or error raised by the plaintiffs contended that the trial court’s fact finding was in error. By raising and addressing an issue not included in an appellant’s assignments of error, this Court becomes an advocate for the appellant rather than an impartial arbiter.
Finally, I think that the majority’s reliance on the Messinger case, La. C.C.P. art. 1915(C), and La C.C.P. art. 645 is misplaced. The language quoted from the Messinger case relates to a summary judgment. In the instant case we are not reviewing a decision on a summary judgment. There was a trial on the merits. La. |3C.C.P. art. 1915(C) relates to partial judgments and partial summary judgments. The judgment in the instant case is not a partial judgment. It is a final judgment that is silent as to part of the relief requested. All of the issues in this case were tried in the trial court, and the judgment is not a partial judgment to which article 1915(C) is applicable. La. *731 C.C.P. art. 645 relates to the failure to join a party to an action. La. C.C.P. art. 641 requires all parties necessary for the just adjudication of an action to be made parties to the action. All of the parties required by article 641 to be joined in the instant case were joined. Therefore, article 645 has no relevance in the instant case.
Based on the foregoing, I would affirm the trial court’s judgment, because neither of the assignments of error raised by the plaintiffs on appeal has merit. No other assignments of error were raised, and we should consider them abandoned. Rule 2-12.4 of the Uniform Rules-Courts of Appeal.