383 So.2d 360 (1980)
Dan A. RITCHEY, Jr.
v.
Rose Mary AZAR and Paul J. Azar, Sr.
No. 65718.
Supreme Court of Louisiana.
April 7, 1980.
Rehearing Denied May 19, 1980.
*361 Michael P. Pellegrin, Houma, for plaintiff-applicant.
Claude B. Duval, Duval, Funderburk, Sundbery & Lovell, Houma, for defendants-respondents.
DENNIS, Justice.[*],[**]
The question of contractual interpretation presented in this case is whether plaintiff, Dan A. Ritchey, Jr., clearly agreed to compromise his libel action against defendants, Rose Mary Azar and Paul S. Azar, Sr.[1] The trial and appellate courts held that Ritchey was precluded from bringing the libel action because it had been included in a compromise of a prior lawsuit between the parties. We conclude that the judgments below were erroneous and must be reversed. A transaction or compromise regulates only the differences which appear clearly to be comprehended in them by the intention of the parties. La.C.C. art. 3073. Although the libel action arose from pleadings filed in the compromised lawsuit, it does not clearly appear from the parties' compromise agreement that they intended to resolve any differences other than that which was the subject of the compromised litigation, viz., a dispute over a contract to purchase immovable property.
The Azar defendants, however, have filed an exception of no cause of action for the first time in this Court. La.C.C.P. arts. 928 comment (a), 2163. In considering that exception we find that plaintiff's petition fails to state a cause of action in that it fails to allege any fault on the part of the defendants. Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). Accordingly, the exception of no cause of action is sustained, and the case is remanded to the trial court and plaintiff is allowed fifteen days to amend his petition.
A review of the history leading to the present stage of this litigation is essential. The initial suit involving these parties centered *362 around an agreement to purchase and sell certain immovable property, and the recordation of that agreement in the conveyance records of Lafayette Parish. Plaintiff and others were owners of the immovable property in question. The agreement to purchase and sell was never completely executed because necessary signatures of co-owners other than Ritchey were never obtained. The agreement was, however, recorded in the public records by the Azars.
Plaintiffs in the initial suit then sued to have the inscription removed alleging that the purchase agreement was without effect, having never been completed, and its recordation constituted an illegal cloud on plaintiffs' title to the property. In the alternative, plaintiffs alleged that their possession had been civilly disturbed by the recordation of this document and asked to be recognized as being in possession of the property.
Defendants in the initial suit and in this suit, Rose Mary Azar and Paul J. Azar, answered that petition and filed a reconventional demand for specific performance or for damages for failure to perform the agreement. As a basis for their arguments, the Azars alleged that plaintiff Ritchey had agreed to obtain the needed signatures to effectuate the agreement to purchase and sell, but had failed to do so. Because of this, the Azars argued, Ritchey was estopped to argue the failure of the agreement due to the lack of signatures.
Before a trial on the merits, the parties entered into a compromise to dispense with the litigation. It was agreed between the parties, and judgment was accordingly entered on August 10, 1977, that the agreement to purchase and sell be declared null and void and the inscription be erased from the records; that plaintiffs' demand for damages which "resulted or may result from the filing of the document styled `Contract to Purchase and Sell'" be dismissed with prejudice; and, that defendants' "reconventional demand and the claim for damages asserted therein as well as any damages which may, in the future, be asserted by plaintiffs in reconvention as a result of defendants in reconvention's (sic) failure to perform under the document described above" be dismissed with prejudice.
On June 15, 1978 Ritchey filed a petition alleging that he had been injured by false statements made by defendants in their answer and reconventional demand in the original suit. The alleged defamatory statements are found in the following paragraphs of those pleadings:
"Paragraph 13
"At the time of the execution of the agreement to purchase and sell by plaintiffs Ritchey, Bertrand, Begnaud, Bernard and Fitzgerald, defendants were assured through plaintiff, Dan A. Ritchey, Jr., acting as agent for Mrs. Helena S. Chatelain, that she would sell the estate's interest in the described property.
"Paragraph 14
"Plaintiff, Dan A. Ritchey, Jr., on April 7, 1977, represented to the defendants, who were in possession of the agreement to purchase and sell, that he would pick up the document in order to obtain the Chatelain signature because at the time she was away in North Carolina.
"Paragraph 15
"Plaintiff, Dan A. Ritchey, Jr., after April 7, 1977, failed to exercise due diligence in obtaining the signature of Mrs. Helena S. Chatelain to fulfill his promise to do so.
"Paragraph 16
"By the above representations of plaintiff, Ritchey, acting for his co-vendors and by his own neglect and lack of good faith in dealing with the defendants, plaintiffs should be estopped from asserting the absence of the Chatelain signature on the document as alleged in Paragraph 4."
Defendants filed an exception of res judicata arguing that this cause of action for defamation was precluded by the earlier compromise. Their rationale was that the *363 plaintiffs had dismissed all claims arising out of the recordation of the agreement to purchase and sell. Since the alleged defamatory statements were made in pleadings filed in connection with the lawsuit concerning this agreement, they argue that the action of defamation arose out of the filing of that document. The trial judge sustained the exception of res judicata and the court of appeal affirmed. We granted certiorari to review the lower court's interpretation of the compromise agreement.
We must examine the compromise agreement which formed the basis for the judgment since a judgment obtained by consent of the parties gets its binding force and effect from the parties' consent. La.C.C. art. 3078; Himel v. Connely, 195 La. 769, 197 So. 424, 426 (1940). The ultimate question for our decision, therefore, is whether the parties consented in the compromise of the initial suit to a preclusion of a future action for defamation.
The transaction or compromise is defined by Louisiana Civil Code article 3071 as follows:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be reduced into writing.
A transaction or compromise has also been described as "an onerous, synallagmatic, and consensual contract." 6 La.Civ.L. Treatise, Litvinoff, Obligations, bk. 1, § 377, p. 639. Under the general rules pertaining to contracts, it is the law between the parties, La.C.C. art. 1901, and must be interpreted according to the clear and explicit terms found in the agreement. La.C.C. art. 1945.
In addition, a court is governed in its interpretation of the operative language of a compromise by the rules of construction set forth in La.C.C. art. 3073, which provides:
Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises.
Therefore, the compromise under scrutiny in this case may be construed to preclude plaintiff's suit for defamation only if it appears clearly that the parties intended to include it as a subject of their compromise.
Applying the codal rule of construction we conclude that the exception of res judicata should not have been sustained because the words of the compromise agreement do not clearly evince the parties' intention to preclude the plaintiff's libel action.
The dispute bringing on the initial lawsuit centered around the title to certain immovable property as it was affected by the recordation of the agreement to purchase and sell. The language of the compromise very pointedly indicates an intent to settle all disputes regarding title to the property that had arisen out of the recordation of the agreement to purchase and sell. We believe that the primary intent of the parties, as evinced by the circumstances and the contract language was to clear up any dispute which would affect title or merchantability of title to the immovable property. That this was the primary intent is evinced by the very first clause of the stipulation wherein the parties agreed that the contract to purchase and sell be declared null and void and that the inscription be erased from the record. In the subsequent paragraphs the parties agreed to settle all disputes arising from the recordation of the document and from Ritchey's alleged failure to perform. This agreement frees the title of the property from any problems of unmerchantability caused by future litigation *364 and serves the obvious purpose of the settlementto clear title to the property. We do not find that the language used indicates an intention of the parties to compromise a cause of action in defamation which would not affect the status or merchantability of the title to the property which was the subject of the first litigation.
Our belief that the parties did not intend to compromise this defamation action is strengthened by the fact that they failed to use language in the contract which would have clearly provided for waiver of that future action. Cassidy v. Joseph, 205 La. 664, 16 So.2d 225, cited in plaintiff's and defendants' briefs and in the court of appeal opinion, concerned facts very similar to those presented in the instant suit. There, a suit was filed to recover damages suffered because of allegedly libelous allegations made by defendant in pleadings of a previous suit which had been ended through a compromise agreement. The trial court sustained a plea of res judicata and this Court affirmed noting that the language used by the parties evinced an intent to dismiss the defamation action as a part of the compromise agreement.
This Court in Cassidy, supra, held that contractual language stating that the compromise agreement was to "Settle all claims between [the parties] of any nature or kind whatsoever and dismiss all pending litigation" was sufficiently broad to reflect the parties' intention to forego a future action for defamation. If the parties' intent in compromising the initial suit involving Ritchey and the Azars had been to prohibit a future suit for defamation, that result could have been assured by using the language approved for that result in Cassidy.
As between the parties, a compromise has a force equal to the authority of the thing adjudged which supplies the basis for an exception of res judicata. La.C.C. art. 3078. Since we find no agreement to compromise the action for defamation, there is no basis for a valid exception of res judicata barring this defamation suit. We must, therefore, reverse the judgments of the trial court and court of appeal sustaining the exception of res judicata.
A decision of the contractual interpretation issue does not complete our review, however. Defendants have filed a peremptory exception of no cause of action for the first time in this Court. La.C.C.P. arts. 928, comment (a); 2163. We find that defendants' exception has merit.
The cause of action in defamation is one which has been examined by both state and federal courts. In Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) the United States Supreme Court examined the law on defamation as it relates to the First Amendment rights of freedom of speech and of the press. The high court held that as concerns private individuals there should remain with each state a wide latitude in defining the standard of recovery for defamation. That statement was qualified, however, by a prohibition against using "liability without fault" as a standard of liability. Gertz, supra, 418 U.S. at 346-47, 94 S.Ct. at 3010. Therefore, no cause of action is stated by a petition which does not allege fault on the part of the defendant.[2]
Ritchey's original petition asserts only that the statements constituting the alleged defamation are untrue and result in injury to him.[3] He did not allege in any way that the defendants were at fault in making the statements. Because these necessary allegations are lacking, defendants' exception of no cause of action is sustained.
We do not, however, dismiss plaintiff's action. Louisiana Code of Civil Procedure article 934 provides:
When the grounds of the objection pleaded by the peremptory exception may *365 be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Since it is possible for Ritchey to cure the defect in his petition by amendment, he is given fifteen (15) days from the date that this decision becomes final within which to do so.
The court of appeal ruling sustaining the exception of res judicata is reversed. However, the defendants' exception of no cause of action, filed for the first time in this court, is sustained. Plaintiff is given fifteen (15) days from the date this decision becomes final to amend his petition to correct the deficiency giving rise to the exception of no cause of action. The matter is remanded to the trial court for further proceedings.
BLANCHE, J., dissents being of the opinion that the trial court and court of appeal opinions were correct.
WATSON, J., recused.

APPENDIX
The compromise agreement reads as follows:

"RELEASE
"KNOW ALL MEN BY THESE PRESENTS: That, for and in consideration of the mutual dismissal of the claims in the law suit entitled `Robert B. Bernard, Sr., and James S. Fitzgerald, St., [sic] Trustees, et al vs. Rose Mary Azar and Paul J. Azar, 15th Judicial District Court, Civil Docket No. 69424, Parish of Lafayette, Louisiana", the said Robert B. Bernard, Sr., and James S. Fitzgerald, Sr., Trustees of the `J. Alfred and Pearl F. Begnaud Trust", Dan A. Ritchey, Jr. and Lucien C. Bertrand, Jr. do by these presents, release, remise and forever discharge Rose Mary Azar and Paul J. Azar from any and all liability arising out of the recordation of the document styled `Contract to Purchase and Sell' recorded under Entry No. 77-8990 in the records of the office of the Clerk of Court for Lafayette Parish, Louisiana on May 9, 1977, including damages which have resulted or may result from the filing of said document and including any claim for attorney's fees incurred as a result of the above-named litigation.
"Rose Mary Azar and Paul J. Azar do by these presents release, remise and forever discharge Robert B. Bernard, Sr., James S. Fitzgerald, Sr., Trustees of the `J. Alfred and Pearl F. Begnaud Trust', Dan A. Ritchey, Jr. and Lucien C. Bertrand, Jr., from any and all liability which has resulted or may result from their failure to perform under the document styled `Contract to Purchase and Sell' recorded under Entry No. 77-8990 in the records of the office of the Clerk of Court for Lafayette Parish, Louisiana including any claim for attorney's fees incurred as a result of the above-named litigation."
NOTES
[*] The Honorable JAMES C. GULOTTA participated in this decision as an Associate Justice ad hoc.
[**] The Honorable EDWARD A. de la HOUSSAYE, III participated in this decision as an Associate Justice pro tempore.
[1] See Appendix for text of the compromise agreement.
[2] The view that allegations of falsity alone satisfy the "fault" requirement was rejected by the majority. See 418 U.S. at 347, n. 10, 94 S.Ct. at 3010; 418 U.S. 369, 94 S.Ct. 3022 (White, J., dissenting).
[3] Although reference is made in defendants' brief to a supplemental petition, the filing of such petition was obviously not properly completed and it is not in the record before us for our consideration.