YELVERTON, Judge.
Plaintiff, Julius Lavalais, filed this suit against his alleged employers, Georgia Allen and George Brown, d/b/a Georgia’s Hot Tamales, seeking workmen’s compensation benefits. Shortly after suit was filed the defendants gave him $1200 and plaintiff gave them a release. He later amended the suit demanding, in the alternative, damages in tort from the defendants and their liability insurer, Commercial Union Insurance Company, based on negligence and strict liability. Based on the earlier release the defendants in the tort action filed a motion for summary judgment which was granted. The workmen’s compensation claim went to trial on the merits and was ultimately dismissed on a finding that the plaintiff had not sustained an employment related accident. From these two rulings the plaintiff has appealed. We reverse the summary judgment and remand. We affirm the dismissal of the workmen’s compensation suit.
After reciting the facts as revealed by the record, we will explain our rulings regarding the issues on appeal which are: 1) whether the trial court erred in granting the defendants’ motion for summary judgment, and 2), whether the trial court was clearly wrong in determining the accident was not employment related.
FACTS
The defendants, Georgia Allen and George Brown, own and operate a restaurant called Georgia’s Hot Tamales. The restaurant is open only on Thursday, Friday and Saturday evenings. On Wednesday morning certain employees “roll” the hot tamales. The plaintiff was employed as a nighttime guard, but only during the hours the restaurant was open for business. The plaintiff also did odd jobs for the defendants around the restaurant, such as plumbing, repairing appliances and sometimes washing the dishes. He sometimes worked in Brown’s bar nearby. On one or two occasions he worked on Brown’s car. For these odd jobs he was paid on the spot. For the guard work at the restaurant he was paid by Brown each Saturday night in cash. The amount probably varied, although plaintiff testified it was $60 a week while Brown said it was more like $40.
Georgia Allen’s home is located in front of the restaurant. The plaintiff lived near the restaurant in an apartment owned by Georgia Allen. He visited in the restaurant often when he was not working.
On Wednesday, February 4, 1981, at about 8:00 in the morning Georgia Allen, from her house, saw the plaintiff walking towards the restaurant. She called him over to her house and asked his help in removing a sample of material from a sample board. The sample of fabric was attached to the board by a metal clip. The plaintiff carried the material with him down to the tamale stand where he attempted to remove the clip by using a hammer and a meat cleaver. In the process of removing the clip a piece of fragmented metal lodged in his eye. The following morning he went to the hospital. After several operations he lost sight in his left eye.
Plaintiff retained an attorney. On December 17, 1981, he filed a suit against Georgia Allen and George Brown for workmen’s compensation benefits. Three weeks later on January 7, 1982, without the knowledge of his attorney, plaintiff and the two defendants went to the office of another attorney (not otherwise involved in this case) where a release was drawn up. For $1200 in cash plaintiff signed this release. Defendants thereafter got a lawyer and filed an answer to the workmen’s compensation suit, pleading the release along with their other defenses.
Months later, on August 23, 1982, plaintiff amended his suit to allege, in the alternative, a tort basis for recovery against the two defendants. Commercial Union Insurance Company, as the homeowner’s insurer of Georgia Allen, was added as a defendant in this tort action.
Thereafter the defendants filed their motion for summary judgment based on the *1297 release. On May 17, 1983, the trial court granted the defendants’ motion for summary judgment as to the tort action. The judgment reserved to plaintiff his claim for compensation benefits, presumably because the settlement was not court approved and therefore ineffective as to the compensation claim. The workmen’s compensation ease was subsequently tried on the merits.
We will now discuss the two issues presented by this appeal.
THE SUMMARY JUDGMENT
The granting of a motion for summary judgment means that the trial court has determined that there is no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The plaintiff urges on appeal that there is an issue of fact regarding whether the release was intended to apply to the tort case. Any doubts as to genuine issues of material fact are resolved against the grant of summary judgment and in favor of a trial on the merits. Rennier v. Johnson, 410 So.2d 1149 (La.App. 3rd Cir.1981), writ denied 412 So.2d 1115 (La.1982).
The receipt and release signed by plaintiff reads as follows:
“RECEIVED OF GEORGIA BROWN ALLEN and GEORGE BROWN the sum of ONE THOUSAND TWO HUNDRED & NO/100 ($1,200.00) DOLLARS, in full and complete settlement and satisfaction of the claim made herein.
“In consideration of the foregoing payment to me, in cash, the said GEORGIA BROWN ALLEN and GEORGE BROWN and all other persons, corporation, partnerships and associations are hereby fully, finally and completely released and discharged from all liability to me for claims for damages, compensation, medical expenses, attorney fees, penalties or otherwise resulting from an accident occurring on or about February 4, 1981, or at any other time while employed by GEORGIA’S HOT TAMALES, and the Clerk of Court of Rapides Parish, Louisiana, is hereby requested and authorized to file this ‘Receipt and Release’ in this suit record.”
Julius Lavalais gave depositions which were part of the summary judgment evidence. In them he admitted that he agreed to release the defendants for the sum of $1200. He said he got the money. He admitted that he understood at the time of the agreement that he was settling all claims against the defendants. He entered into the agreement voluntarily and there was no pressure or coercion. He stated that the reason he settled for $1200 was because he did not want to end up with nothing.
In one deposition he gave a different explanation of his intent in the following exchange:
“Q Okay. What did you think you were doing when you signed this thing and got a $1200.00?
“A Well, uh, to dismiss the, uh, the suit against Georgia.”
La.Civil Code art. 3071 defines a transaction or compromise as follows:
“A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.”
A transaction or compromise regulates only the differences which appear clearly to be comprehended in them by the intention of the parties. La.Civil Code art. 3073. It is the law between the parties and must be interpreted according to the clear and explicit terms found in the agreement. Ritchey v. Azar, 383 So.2d 360 (La.1980).
The question here is whether, for summary judgment purposes, the compromise in this case precludes plaintiff’s amending suit in tort. We can find that it does preclude that claim only if it appears clearly that the parties intended to include the tort claim as a subject of their compromise. Ritchey v. Azar, supra.
*1298 We conclude that the words of the compromise agreement do not clearly evince the parties’ intention to preclude the plaintiffs tort action. The settlement was of “the claim made herein” and contained an authorization to file it “in this suit record.” When the agreement was signed there, was but one claim in the suit record and feat was the workmen’s compensation claim. It could be argued that “the claim made herein” could only have been the compensation suit because the tort action was still months away from even being filed. In addition, the language: “claims for ... compensation, medical expenses, attorney fees, penalties ... while employed by GEORGIA’S HOT TAMALES ...” is strongly suggestive that the parties intended to settle only the workmen’s compensation claim. At the very least, we are unable to say that the language used makes it clearly appear that the parties intended to preclude other claims than the single one at that time known to them, which was the workmen’s compensation suit that had just been filed.
Additionally, we note that, as a general rule, summary procedure is not appropriate to prove subjective facts such as intent. Vital v. Hous. Auth. of City of New Iberia, 360 So.2d 1182 (La.App. 3rd Cir.1978). Considering the uncertainty of the meaning of the compromise language, and the conflicts within the plaintiff’s deposition testimony, the general rule applies here.
For these reasons we must reverse the summary judgment and remand the case for further proceedings.
THE WORKMEN’S COMPENSATION CLAIM
An employee has a right of action against his employer for workmen’s compensation benefits if he receives personal injury by accident arising out of and in the course of his employment. LSA-R.S. 23:1031.
In determining whether an accident arises out of the employment the inquiry is two-fold. First, it must be determined whether the employee was then engaged in his employer’s business, and second, it must be determined that the necessities of the business reasonably required that fee employee be at fee place of the accident at the time of the accident. Guidry v. Serigny, 378 So.2d 938 (La.1979).
In the present case the trial court concluded that the plaintiff was not employed by the defendants at the time of the accident and therefore denied plaintiff’s claim for compensation benefits.
The trial testimony presented conflicting versions of what happened. The plaintiff testified that he went to work at the restaurant at 8:00 A.M. on the day of fee accident and that both George Brown and Georgia Allen were present. Mrs. Allen asked the plaintiff to remove the clip from the pattern board before he started his duties of barbecuing chicken and beef. It was then that the accident occurred. The plaintiff stated that he routinely barbecued meat at the restaurant on Wednesday mornings.
This testimony was disputed by the defendants. They introduced the deposition of the plaintiff for impeachment purposes. In the deposition plaintiff stated that he barbecued on Thursday mornings, not Wednesday mornings. Georgia Allen testified that the plaintiff was not working on the day of the accident, but visiting. She saw him from her house walking toward the restaurant and merely asked him as a favor to remove the clip. She never intended to pay the plaintiff for his help. She further testified that often on Wednesdays the plaintiff would visit the restaurant not to work but to visit the female employees hired to roll tamales. George Brown also testified that plaintiff was not employed at the- time of the accident and that the plaintiff had barbecued only for one three-week period, and then on Thursdays, never on Wednesdays. Several other employees of the restaurant testified that on Wednesdays certain employees, not including plaintiff, rolled the tamales.
*1299 Reasonable evaluations of credibility made by the trier of fact should be accorded great weight by a reviewing court. Berry v. Livingston Roofing Co., 403 So.2d 1247 (La.1981). We accept the trial court’s finding that plaintiff failed to establish that he was employed by the defendants at the time of the injury. The finding is reasonable and supported by the evidence in the record.
For these reasons the judgment of the trial court granting summary judgment in favor of defendants in the tort action is reversed and set aside, and the action is remanded to the district court for further proceedings. The costs of the appeal are to be paid by appellees. The judgment in favor of defendants rejecting plaintiffs workmen’s compensation claim at his cost is affirmed, with plaintiff-appellant to pay the costs of appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.