JiSTEWART, Judge.
The claimant, Sammy Boyette, was injured while employed by Stanley Stokes Logging Company d/b/a J.S. Stokes Logging. The company had no worker’s compensation insurance at the time of the accident. The claimant brought suit against Stanley Stokes and Manville Forest Products Company (MFPC), alleging that MFPC was the statutory employer of Stanley Stokes. MFPC, now known as Riverwood International, was dismissed on an exception of prematurity and judgment was rendered against Stanley Stokes. The claimant *732 subsequently entered into a settlement agreement with Riverwood, in which the company agreed to pay future benefits and medicals. While employed with another logging company, claimant was subsequently arrested. Riverwood terminated claimant’s benefits. A hearing was held and the worker’s compensation hearing officer (WCHO) determined that benefits were arbitrarily and capriciously terminated and ordered the company to pay penalties and attorney’s fees. Riverwood appeals that judgment.. We affirm.
FACTS
On November 28, 1988, Sammy Boyette, while employed by Stanley Stokes Logging Company, was injured when a tree fell on him. Claimant attempted to obtain worker’s compensation benefits from the company, but discovered that the company had no worker’s compensation insurance. Boyette then brought suit against Stokes and Riverwood (known at the time as Manville Forest Products Corporation), alleging that Riverwood was the statutory employer of Stokes. The logging company was working for Riverwood at the time of the accident.
After a trial on the merits, judgment was rendered in favor of the plaintiff against Stokes. Riverwood was dismissed based on the exception of prematurity. Subsequently, Riverwood and the claimant entered into a settlement agreement and ^consent judgment, in which the defendant agreed to pay the plaintiff past due weekly benefits, penalties, attorney’s fees, and future benefits and medicals, pursuant to the November 14,1989, judgment against Stokes Logging Company. Riverwood began to pay the plaintiff $233.35 per week on an average weekly wage of $350.00 per week.
Riverwood hired private investigators to keep the claimant under surveillance. The investigators received information that the claimant was employed by Andrews Brothers Logging Company, while receiving worker’s compensation benefits. Additionally, defendant discovered that the claimant had been arrested in July, 1991, and remained incarcerated. Based on this information, River-wood filed a Form 1008 Disputed Claim for Compensation with the Office of Worker’s Compensation in order to have the claimant’s status adjudicated. The defendant based its claim on LSA-R.S. 23:1201.4, which states that a claimant must forfeit his claim for benefits during any period of incarceration. Worker’s compensation benefits were terminated on September 9, 1991. Claimant pled guilty to manslaughter and attempted manslaughter on January 8, 1992, and was sentenced to 20 years at hard labor on March 4, 1992.
At the hearing, evidence was also presented by the defendant to show that the plaintiff was not entitled to worker’s compensation benefits because he was able to return to work. The plaintiff had been working as a cutter and skidder operator at Andrews Brothers Logging Company at the time of his arrest. Also, defendant presented the testimony of George Cathey, supervisor of the maintenance department at Winn Correctional Facility, who testified that claimant could do any work that he was ordered to do.
IsThe WCHO found this evidence unconvincing and relied on the medical testimony of Dr. Unkel, claimant’s physician before incarceration, who stated that Boyette had a contusion to his left shoulder and a severe back injury. The health care administrator at Winn also testified that the claimant was instructed not to lift anything over ten pounds. Other evidence from the prison revealed that the claimant constantly complained of back problems.
The WCHO concluded that LSA-R.S. 23:1201.4 could not be applied retroactively and that the claimant was to receive temporary total disability benefits from the date of termination. Additionally, $2,000.00 in penalties and $5,800.00 in attorney’s fees were awarded, because the WCHO found that the defendant acted arbitrarily and capriciously in terminating claimant’s benefits without further investigation based on the incarceration statute and because the defendant failed to file a rule to show cause pursuant to LSA-R.S. 23:1310.8(B) before modifying the consent judgment. The defendants have appealed the ruling of the WCHO.
*733 DISCUSSION
In assignment of error number one, the defendants contend that the WCHO erred when she found that the August 1, 1990, settlement agreement between the claimant and defendant prevented Riverwood from terminating the claimant’s benefits. Defendant argues that the original settlement agreement was between Stokes Logging, the real employer, and the claimant. Thus, LSA-R.S. 1310.8(B), requiring a contradictory hearing before modification of a worker’s compensation judgment, is inapplicable.
The codal articles governing transaction and compromise are set forth in LSA-C.C. Art. 3071 through 3083. LSA-C.C. Art. 3071 defines a compromise as “an agreement between two or more persons, who, for preventing or putting an end Lto a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.” Brown v. Drillers, Inc., 93-1019 (La. 1/14/94), 630 So.2d 741, 747. LSA-C.C. Art. 3078 declares the effect of a compromise, providing that a compromise has the legal efficacy of a judgment, possessing “a force equal to the authority of things adjudged,” and that a compromise “cannot be attacked on account of any error in law or any lesion.” Id.; LSA-C.C. Art. 3078; see Salling Wiping Cloth Co. v. Sewell, Inc., 419 So.2d 112, 114 (La.App. 2d Cir.1982). Based on LSA-C.C. Art. 3078, a valid compromise can form the basis of a plea of res judicata. Brown v. Drillers, Inc., supra; Rivett v. State Farm Fire and Casualty Co., 508 So.2d 1356, 1359 (La.1987).
LSA-C.C. Art. 3071 further provides that a compromise is a written contract. It follows that the compromise instrument is the law between the parties and must be interpreted according the parties’ true intent. Ritchey v. Azar, 383 So.2d 360, 362 (La.1980); Succession of Magnani, 450 So.2d 972, 975 (La.App. 2d Cir.1984). It also follows that the compromise instrument is governed by the same general rules of construction applicable to contracts. Brown v. Drillers, Inc., supra.
LSA-C.C. Art. 2046 sets forth a general rule of construction, providing that “[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent.” Brown v. Drillers, Inc., supra. The burden of proof is on the claimant, the party relying on the compromise, to establish the requisites for a valid compromise, including the parties’ intent to settle the differences that the parties intended to settle. Id.
IsAt the worker’s compensation hearing, the claimant introduced the settlement agreement and consent judgment signed by the original trial court judge. The document clearly states on its face:
“Therefore all parties agree and judgment is rendered herein obligating both STANLEY STOKES d/b/a J.S. STOKES LOGGING AND MFPC for future weekly benefits, future related medical and future travel expenses as set forth in the judgment of November 14, 1989.”
Record at Vol. I, p. 6. This language evidences an intent on the part of MFPC, now Riverwood International, to accept claimant as a statutory employee and to pay claimant future worker’s compensation benefits totaling $233.35 per week. We find that the claimant has met its burden of establishing that the compromise agreement was a valid judgment as between claimant and River-wood.
LSA-R.S. 23:1310.8(B) provides:
“Upon application of any party in interest, on the ground of a change in conditions, the hearing officer may, after contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Worker’s Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.”
Thus, the WCHO was correct when she found that the defendant violated the provisions of the Worker’s Compensation Act when it failed to file a rule to show cause *734 seeking a contradictory hearing to modify the terms of the compromise before terminating claimant’s benefits. Riverwood’s claims as to this assignment are without merit.
In its second assignment of error, the defendant Riverwood argues that the claimant had the burden of proving by a preponderance of the evidence that the claimant was temporarily and totally disabled and entitled to continue to receive benefits. We disagree.
|fjln seeking to decrease or terminate the worker’s compensation benefits awarded in the settlement agreement, the defendant was required to prove by a preponderance of the evidence that the claimant’s condition had changed. Great weight is afforded the trier of fact. An appellate court may not set aside a trial court’s findings of fact in the absence of manifest error or unless clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the instant case, the defendant filed a Form 1008 Disputed Claim for Compensation with the Office of Worker’s Compensation to have the claimant’s status adjudicated. Thus, it became the defendant’s burden to prove the change in condition. First, defendant attempted to argue that the claimant’s incarceration was a valid basis to terminate the benefits pursuant to LSA-R.S. 23:1201.4. However, the Louisiana Supreme Court has stated that the governing law in a worker’s compensation action is that which was in effect at the time of the alleged injury. Miles v. F.D. Shay Contractor, Inc., 626 So.2d 74 (La.App. 3d Cir.1993), citing Bruno v. Harbert Int’l., 593 So.2d 357 (La.1992). Because the claimant was injured on January 28, 1988, before the effective date of the incarceration statute (January 1, 1990), the WCHO correctly decided that claimant’s incarceration could not be a valid basis for terminating benefits.
Second, defendant alleged that the claimant was not entitled to benefits because he was able to work. However, the defendant also failed to meet its burden of proof on this issue. The evidence reveals that before the claimant was incarcerated, he was examined by Dr. Unkel in 1988, who determined that the claimant had a contusion to his left shoulder, a severe back injury, and a probable slipped disc. Claimant was also examined by Dr. C. Russ Greer, who referred the claimant back to Dr. Unkel for nonsurgical care management. Neither doctor’s ^report reveals that claimant was instructed to return to his former employment or any other type of work. The defendant presented no medical evidence or reports to contradict the findings of Drs. Unkel and Greer.
The defendant introduced the testimony of Willie Andrews, the owner of Andrews Brothers Logging Company. Mr. Andrews did testify that the claimant was employed with his company for three to four weeks just prior to his arrest. Claimant attempted to work as a cutter and skidder operator, but Andrews stated that after the first week as a cutter using the saw, the claimant complained about his back and was moved to the position of skidder operator. He also testified that the claimant complained of back pain while operating the tractor, but claimant continued to work. Claimant was subsequently arrested at the job site.
While incarcerated, the record reveals that the claimant has constantly complained of back problems. Reports from Dr. Champagne and Dr. Adams in 1992 found that the claimant continued to experience back pain. Willie Young, the Health Care Administrator at Winn, testified that the claimant’s medical records indicate that he was instructed not to lift anything over ten pounds and was restricted to light duty work.
The defendant presented no other medical testimony of the claimant’s physical condition while incarcerated. The only evidence presented by the defendant of claimant’s condition in prison was the deposition testimony of George Cathey, the manager of the maintenance department. Mr. Cathey testified that Boyette was employed in his department, but he was unaware of any duty restrictions. He also testified that Boyette was a good worker and that he did whatever was asked of him. However, upon questioning by claimant’s attorney, Mr. Cathey testified that as the manager of the maintenance department, he *735 | gsupervises five other people. He admitted that he spends most of his time in the office and that the individuals under him spend more time directly supervising the inmates. Cathey further stated that he does not observe claimant during the entire time he is at work.
Moreover, Mr. Cathey’s testimony is insufficient to refute the documented reports of trained physicians, which indicate that Sammy Boyette was still experiencing back pain. Thus, the WCHO correctly determined that the defendant failed to prove by a preponderance of the evidence that the claimant is no longer entitled to temporary total disability benefits. We find that defendant’s claims on this issue have no merit.
In its final assignment of error, Riv-erwood contends that the WCHO erred when she determined that the company acted arbitrarily and capriciously in terminating claimant’s benefits.
A compensation insurer or employer is liable for attorney’s fees when it arbitrarily, capriciously or without probable cause, terminates or refuses to pay benefits. LSA-R.S. 23:1201.2; Holmes v. Int’l Paper, 559 So.2d 970 (La.App. 2d Cir.1990). That determination depends primarily upon the facts existing and known to the employer at the time the employer denies benefits. Id.; Hughes v. General Motors Guide Lamp Div., 469 So.2d 369 (La.App. 2d Cir.1985). Whether the employer and/or insurer should be cast with penalties and attorney’s fees is a question of fact which should not be disturbed on appeal absent manifest error. Vernon v. Wade Correctional Institute, 26,053 (La.App. 2d Cir. 8/19/94), 642 So.2d 684.
Tency Tarver, corporate manager of safety and worker’s compensation for Riverwood, testified that Gordon James, the attorney for the company, suggested | cfhat Riverwood hire private investigators to follow claimant. Tarver stated that this became necessary because Boyette was not a direct employee of Riverwood and the company had little contact with him.
After the investigators discovered that the claimant had been arrested, the company filed a Form 1008 Disputed Claim for Compensation on August 21, 1991, with a letter from Gordon James indicating that the basis of their claim was the incarceration statute. James also states in the letter that the claimant was arrested while in the employ of Andrews Brothers, further evidencing claimant’s ability to work. On September 21, 1991, the claimant’s benefits were terminated.
For the reasons previously discussed in this opinion, we find that the defendant improperly relied upon LSA-R.S. 23:1201.4 as the basis for terminating benefits. We also find that defendant failed to make reasonable efforts to ascertain the claimant’s medical condition at the time of his arrest. The defendant erroneously relied on the claimant’s mere presence at the Andrews Brothers’ work site as evidence of his recovery, without inquiring into the duties he was assigned or his ability to perform those duties. Further investigation was warranted, particularly in light of the contradictory medical information. More importantly, the defendant was fully aware that it had assumed the position of statutory employer by entering into the original compromise agreement. As such, the defendant was required to file a rule to show cause seeking a contradictory hearing before terminating the claimant’s benefits. The defendant’s claims on this issue also lack merit.
In his answer to this appeal, attorney for the claimant seeks $14,925.00 in attorney’s fees and an additional $2,500.00 for legal services rendered in connection with this appeal. This court is of the opinion that the trial court’s initial award of |m$5,800.00 as attorney’s fees is adequate to include attorney’s fees on appeal. We therefore find that the claimant is not entitled to an additional award on appeal.
DECREE
For the foregoing reasons, we find no manifest error in the findings of the trial court and affirm the judgment at the defendant’s costs.
AFFIRMED.