JiCOOKS, Judge.
The employee in this worker’s compensation suit appeals an adverse judgment. For the following reasons, we reverse.
FACTS
Morris Ray Satcher, injured his lower back on November 12, 1984 while engaged in the course and scope of his employment with Blewer Farms, Inc. [hereinafter referred to as Blewer]. Blewer paid worker’s compensation benefits related to this injury. Satcher subsequently underwent surgery on his lower back resulting in postoperative weakness in his lower extremities.
On October 25, 1989, Satcher was declared totally and permanently disabled as a result of his back injury. Satcher claims he fell several times as a result of lower extremity weakness and sustained a tom meniscus to his right knee.
On March 29, 1992, Satcher filed a disputed claim for medical expenses incurred as a result of the meniscus tear to the knee which he alleged resulted fromjahis job-related low back injury. Satcher and Blewer executed a settlement agreement covering his knee injury claims; and, a Judgment of Partial Dismissal was entered September 1,1993.
On July 25, 1994, Satcher filed another disputed claim form seeking medical expenses alleging he fell again on his right knee after experiencing pain and weakness in his lower back. Blewer filed an exception of res judicata arguing Satcher waived any right to claim future medical expenses associated with his right knee pursuant to the terms of the settlement agreement previously signed by him.
A trial before an administrative hearing officer was held on April 17, 1995. The hearing officer sustained Blewer’s exception dismissing Satcher’s claim with prejudice. Satcher filed this appeal.
DISCUSSION
The parties do not dispute the occurrence of Satcher’s work-related lower back injury; or that the injury resulted in his total and permanent disability. The parties’ disagreement arises from a subsequent knee injury sustained by Satcher which he claimed was related to the earlier work injury. Satcher filed a claim for medical benefits alleging as a result of lower extremity weakness, he fell injuring his right knee; and this injury was caused by the lower extremity weakness he suffered as a result of the 1984 work injury. Responding, the employer denied that any “causal relationship” existed between the earlier work injury and Satcher’s subsequent knee injury. The parties, however, executed a settlement agreement purportedly covering the knee injury and claims arising as a consequence. Satcher does not contest the binding effect of the settlement and compromise or the clear import of its language. Rather, he seeks to limit the effect of this agreement to claims stemming from his right knee injury which existed prior to or at the time it was |8executed. His future medical expenses, he contends, were not covered in the agreement; and he did not intend to release the employer from responsibility for such expenses. On the other hand, Brewer argues the Receipt and Release Agreement discharged it completely and forever from any claims arising from Satcher’s knee injury whether existing before or after the compromise was entered.
The appropriate standard for appellate review is the “manifest error-elearly wrong” standard which precludes setting aside a trial court or jury’s findings of fact unless those findings are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
We begin our review by examining the Judgment of Partial Dismissal and the Receipt and Release Agreement. The Judgment of Partial Dismissal provides in pertinent part:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon *691 payment of the sum of $4937.43 that COMMERCIAL UNION INSURANCE COMPANY AND GEORGE DELOYCE BREWER, d/b/a BLEWER FARMS, INC., as well as their successors, predecessors, parents and/or affiliates shall be forever released and relieved from all past and present liability for claims of MORRIS RAY SATCHER for medical and surgical expenses, mileage expenses, penalties and attorneys fees and any other claims of whatsoever nature and Mnd arising heretofore, growing out of or in any way related to the knee injury alleged related to MORRIS RAY SATCHER’S work-related back injury....
The Receipt and Release (settlement agreement) provides further:
1.
I hereby release forever COMMERCIAL UNION INSURANCE COMPANY on its own behalf and on behalf of its’ insured, GEORGE DELOYCE BREWER, d/b/a BLEWER FARMS, INC., as well as their successors, predecessors, affiliates, parents, and representatives from any and all claims of whatsoever or nature and kind which may have arisen heretofore as a result of a meniscus tear in the knee which allegedly resulted from the work-related | injury sustained by MORRIS RAY SATCHER....
2.
I expressly release and forever discharge COMMERCIAL UNION INSURANCE COMPANY and GEORGE DELOYCE BREWER, d/b/a BLEWER FARMS, INC., as well as any and all successors, predecessors, parents, or affiliates, from any and all claims for medical and surgical expenses, penalties and attorneys fees, mileage expenses, whether known or unknown at this time, in any manner connected with or arising out of the above described meniscus tear.
When a Receipt and Release agreement is executed as a compromise to settle a disputed claim, it becomes the “law” as between the parties and should be interpreted according to the parties’ intent as evidenced by the contract’s language and the circumstances surrounding the settlement. Ritchey v. Azar, 383 So.2d 360, 362 (La.1980).
Louisiana Civil Code article 3073 moreover provides:
Transactions regulate only the differences which appear clearly to be comprehended in them by the intentions of the parties .... and does not extend to differences which the parties never intended to include in them.
Exactly what the parties intended to compromise must be determined from the words written when they are clear, unambiguous and lead to no absurd consequences. La.Civ.Code art. 2046. Further, “[wjords of a contract must be given their generally prevailing meaning.” La.Civ.Code art. 2047. The words expressed in the documents reproduced above convinces us the hearing officer erred in concluding Satcher released Blewer from all future claims relating to his knee injury. The word “heretofore” appears in both documents. This term is defined in Black’s Law Dictionary as follows: “The word simply denotes time past, in distinction from time present or time future, and has no definite and precise signification beyond this.” Webster’s Ninth New Collegiate Dictionary defines it as “up to this time.” Giving jgthis word its “generally prevailing meaning,” we must find the documents are restrictive in time and they reflect Satcher’s intent to release Blewer only from claims relating to his knee injury, medical or otherwise, which arose prior to their execution.
Blewer suggests that we focus on the language used in the second paragraph of the Receipt and Release which it contends clearly and unambiguously releases it from any and all claims for medical and surgical expenses arising out of Satcher’s knee injury. We have done so and find even this paragraph is restrictive in time. The words “at this time” do not denote the future, henceforth, or forevermore.
Furthermore, the circumstances surrounding the settlement weighs in favor of finding Satcher did not intend to release Blewer from any future claims relating to his knee injury. The settlement included only prior *692 medical expenses incurred by him in connection with the knee injury. It did not include any amount for future medicals. Satcher filed claims against Blewer pursuant to the Worker’s Compensation Act and not general Tort law. When the settlement was executed, Satcher could not demand from Blewer “lump sum” satisfaction of any and all future claims arising from his knee injury or the earlier work injury which rendered him totally and permanently disabled. He was only entitled to collect medical expenses then due and owing; and, nothing more, except possibly penalties, attorney’s fees, and interest. Blewer was not obligated legally to pay Satcher more than the weekly benefits it already was paying him; and, we are convinced, as Satcher’s attorney attested, the Receipt and Release was executed to end the “pending” claim filed by him for medicals incurred as a result of injury to his knee up to the date the accord was reached.
Accordingly, the administrative hearing officer erred in granting | (¡Brewer’s exception of res judicata and finding Satcher relinquished his right to claim future medical expenses.
DECREE
For the above reasons, the judgment of the Office of Worker’s Compensation is reversed.
REVERSED.
DECUIR, J., dissents and assigns written reasons.