LWEIMER, J.
Gretchen Kinney appeals a judgment of the Office of Workers’ Compensation (OWC) sustaining an exception of prescription filed by Blue Bayou Water Park, Inc. (Blue Bayou) and The Travelers Insurance Company (Travelers) dismissing her claim for medical benefits. Finding the OWC judge erred, we reverse the judgment and remand the matter for further proceedings consistent with this opinion.
BACKGROUND
Gretchen Kinney received face and mouth injuries in an accident on July 28, 1992, that occurred during the course and scope of her employment as a lifeguard at a facility owned and operated by Blue Bayou. On December 8, 1993, Ms. Kinney, Blue Bayou, and Travelers reached a compromise agreement of Ms. Kinney’s disputed workers’ compensation claim, *532 which compromise was approved by an OWC hearing officer.
The “Receipt and Release” signed by Ms. Kinney, who is identified as an “emancipated minor,” releases Blue Bayou and Travelers “from any and all past, present, and/or future claims ... other than for medical benefits, known and unknown, anticipated and unanticipated, to which said appearer has or may become entitled, resulting from or to result directly or indirectly from the accident ... save and except medical benefits, which will be left open so that treatment can continue.” (Emphasis added.) The “Order of Approval” ordered judgment in favor of Ms. Kinney and against defendants for a lump sum amount “for workers[’] compensation benefits other than medical benefits. Medical benefits will be left open so that treatment can continue.” (Emphasis added.) The “Order of Approval” released Blue Bayou and Travelers from “all further or future liability for the claims of whatsoever nature and kind, arising heretofore or which may hereafter arise under Title 23, Chapter 10, Revised Statutes, other than medical benefits, medical benefits will be left open so that treatment can continue, growing out of the July 28, 1992 accident .... ” (Emphasis added.)
[oln April of 1999, Ms. Kinney’s doctor recommended additional surgery. Travelers refused to pay and Ms. Kinney filed a disputed claim form and petition on May 14, 1999. Blue Bayou and Travelers filed an answer and an exception of prescription. On August 10, 1999, the OWC judge sustained the exception and dismissed Ms. Kinney’s claim for payment of additional medical expenses. Ms. Kinney perfected this appeal.
All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
DISCUSSION
On appeal, Ms. Kinney argues that the compromise/settlement of her workers’ compensation claim was a contract and thus, her current claim for the payment of additional medical expenses is subject to the liberative prescription of ten years. Because she filed her current claim eight years and five months after the compromise/settlement, she urges the OWC judge erred in holding the three-year prescriptive period of the Workers’ Compensation Law, LSA-R.S. 23:1209(C), barred her claim.
The defendants argue otherwise: that the settlement was only a partial settlement and that neither Ms. Kinney nor the defendants waived any rights regarding the payment of medical benefits under the Louisiana Workers’ Compensation Law. Because Ms. Kinney did not receive any medical treatment related to the 1992 accident for a period in excess of three years from the last payment of medical expenses,[1] her claim for payment of additional medical expenses is now timed barred pursuant to LSA-R.S. 23:1209(C).[2]
Although we agree with Ms. Kinney that the OWC judge erred, we do not believe this matter involves an issue of prescription. Rather, this matter involves an issue *533 of [¿Travelers being bound by the terms of the settlement with Ms. Kinney and the “Order of Approval.”
The purpose of the Workers’ Compensation Act is to set up a court-administrated system to aid injured workers by relatively informal and flexible proceedings that are to be interpreted liberally in favor of the workers. Falgout v. Dealers Truck Equipment Co., 98-3150, p. 8 (La.10/19/99), 748 So.2d 399, 405. When a “Receipt and Release” agreement is executed as a compromise to settle a disputed claim, it becomes the “law” as between the parties and should be interpreted according to the parties’ intent as evidenced by the contract’s language and the circumstances surrounding the settlement. See LSA-C.C. art.1983; Satcher v. Blewer Farms, Inc., 95-1225, p. 4 (La.App. 3 Cir. 6/5/96), 676 So.2d 689, 691 citing Ritchey v. Azar, 383 So.2d 360, 362 (La.1980).
Louisiana Civil Code article 3073 moreover provides: “Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties ... and they do not extend to differences which the parties never intended to include in them.” Exactly what the parties intended to compromise must be determined from the words written when they are clear, unambiguous and lead to no absurd consequences. LSA-C.C. art.2046. Further, “words of a contract must be given their generally prevailing meaning.” LSA-C.C. art.2047.
In keeping with the purpose of the Louisiana Workers’ Compensation Law, the OWC hearing officer issued the “Order of Approval” of the settlement. The terms of the settlement agreement are embodied in the “Receipt and Release” and this agreement became the law between the parties. The provision at issue, a release from all claims “except medical benefits, which will be left open so that treatment can continue,” is thus the law between Ms. Kinney and defendants. Given this language, it is disingenuous for Travelers to argue the matter is prescribed. This language is 1 sunambiguous and imposes no time limitations on Ms. Kinney’s right to have medical benefits paid.
Defendants attempt to impose the prescriptive period of the Louisiana Workers’ Compensation Law. However, there is no time limitation set forth in the agreement between the parties. The claimant, of course, bears the burden of establishing the medical expenses are causally related to the injury sustained at work.
The “Receipt and Release” specifically, clearly, and unambiguously states medical benefits “will be left open so that treatment can continue.” (Emphasis added.) The “Order of Approval,” which has the effect of a judgment and is the law governing this matter, specifically states in two separate places that “medical benefits will be left open so that treatment can continue.” (Emphasis added.)
Given the language contained in the “Receipt and Release” and the language of the “Order of Approval,” we hold that Travelers is obligated for treatment related to the July 28, 1992 accident and that the prescriptive period of LSA-R.S. 23:1209(C) is not applicable. If the “Receipt and Release” and the “Order of Approval” merely stated “medical benefits to be left open,” our decision may be different. However, the receipt and the order contain the additional language “so that treatment can continue” which convinces us that so long as the medical treatment is a continuation of the treatment related to the July 28, 1992 accident, Travelers remains obligated.
As mentioned previously, this matter does not involve an issue of prescription; rather, it involves an issue of Travelers *534 being bound by the terms of the release and order. See Falgout, 98-3150 at 11, 748 So.2d at 407 (absent express legislative intent to the contrary, prescription is not applicable to claims for modification of a workers’ compensation award); see also, Satcher, 95-1225 at 4-5, 676 So.2d at 691-692 (parties did not intend for compromise to cover future claims relating to employee’s knee injury, but compromised only the “pending” claim filed by him for medicals incurred as result of knee injury up to the date of the compromise).
^CONCLUSION
Accordingly, we reverse the judgment which dismissed Gretchen Kinney’s claim for medical benefits, and we remand this matter to the Office of Workers’ Compensation for further proceedings consistent with this opinion. We assess Blue Bayou Water Park, Inc. and The Travelers Insurance Company with all costs of this appeal.
REVERSED AND REMANDED.

. Ms. Kinney does not dispute the fact that she last received medical benefits from the defendants on May 26, 1995.

. Louisiana Revised Statutes 23:1209(C) provides: